## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TED JEANSONNE,**                                              **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                                      **No.  11-2917**

**COX ENTERPRISES, INC., et al.,**                             **SECTION "E"**
    **Defendants**

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by defendant Cox Communications, LLC[1] ("Cox").[2] Plaintiff, Ted Jeansonne, opposes Cox's motion.[3] Cox filed a reply memorandum in support of its motion.[4] After oral argument on Cox's motion, Plaintiff submitted a supplemental memorandum.[5]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a putative class action complaint against Cox, alleging Cox's installation and maintenance of cable lines across Plaintiff's property in Jefferson Parish, Louisiana constitutes a tortious trespass and a breach of contract.[6] Plaintiff seeks damages for the

---

[1] Cox Communications LLC is the only defendant in this case at this point.  Defendants Cox Enterprises, Inc. and Cox Communications, Inc. were voluntarily dismissed by plaintiff on September 26, 2011.  R. Doc. 30.

[2] R. Doc. 172.

[3] R. Doc. 190. Janice Jeansonne was dismissed as a named plaintiff via consent motion on May 14, 2014. R. Doc. 206.

[4] R. Doc. 199.

[5] R. Doc. 198.

[6] R. Doc. 1. The Court granted in part Cox's earlier motion to dismiss and dismissed Plaintiff's claims for a "Violation of Louisiana Law Regarding Servitudes" and for "Breach of Assumed Affirmative Duty." *See* R. Doc. 154. Accordingly, Plaintiff's only remaining claims are for: 1) trespass and 2) breach of contract.

removal of the cable lines. Plaintiff claims other property owners have had similar experiences with Cox and seeks to have this case certified as a class action.[7]

Cox provides cable television, telephone, and internet services to customers in a number of states.  In Louisiana, Cox provides these services to customers in several parishes, including the parish of Jefferson.  Pursuant to a franchise agreement in place between Cox and Jefferson Parish (the "Franchise Agreement"[8]), Cox is responsible for managing, operating, and maintaining the cable system in the parish.  The agreement gives Cox the privilege of using the streets and public rights of way in the parish to accomplish these objectives.  Plaintiff claims, however, that the Franchise Agreement does not grant Cox the right to "use private property in any way."  Plaintiff also claims that, pursuant to the Franchise Agreement, Cox is required to obtain a servitude from a private property owner if one of its cables crosses private property or is buried on private property.

Plaintiff is the owner of a piece of real property located at 107-109 Metairie Court, Metairie, Louisiana, and claims that Cox hung cable across his property without obtaining a servitude.[9]  Plaintiff claims that other property owners throughout the State of Louisiana have experienced this same problem.

Along with bringing a trespass claim against Cox, Plaintiff alleges Cox breached the

---

[7] R. Doc. 207.

[8] R. Doc. 172-3. Cox and Jefferson Parish originally entered into a Franchise Agreement in 1990. The parties thereafter entered into an Amended and Extended Franchise Agreement in 2003. The pertinent provision of the Franchise Agreement at issue, Section 2.2.03, is identical in the 1990 Franchise Agreement and the 2003 Franchise Agreement.

[9] For each individual or business customer, Cox installs, maintains, and operates a cable line, pursuant to the subscription agreement with the customer, from the customer's home or business to the nearest "feeder" line, which is ether attached to a utility pole or buried underground.  This cable is referred to as a "cable drop."

Franchise Agreement between Cox and Jefferson Parish by failing to obtain a servitude from the Plaintiff as required under the contract. Plaintiff claims the Franchise Agreement "clearly manifests an intention to confer a benefit to private property owners" and that Cox breached a contractual obligation to the Plaintiff by failing to obtain a servitude on Plaintiff's property, even though Plaintiff is not a party to the Franchise Agreement.[10]

Cox filed a motion to dismiss Plaintiff's breach of contract claim.[11] The Court denied Cox's motion insofar as it sought to dismiss Plaintiff's breach of contract claim.[12] The Court found that, although Plaintiff was not a party to the Franchise Agreement, he "at least" stated a facially plausible claim that the contract stipulated a benefit for third parties such as Plaintiff under Civil Code article 1978.[13]

Cox now moves for summary judgment to dismiss Plaintiff's breach of contract claim. Based on the undisputed facts, Cox argues Plaintiff is not a third party beneficiary and thus cannot assert a breach of contract claim as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[10] R. Doc. 89, p. 1.

[11] R. Doc. 104. Cox also sought to dismiss Plaintiff's claims for trespass, for "violation of Louisiana law regarding servitudes," and for "breach of assumed affirmative duty." The Court denied Cox's motion insofar as it sought to dismiss Plaintiff's trespass claim, but granted Cox's motion to dismiss Plaintiff's claims for "violation of Louisiana law regarding servitudes" and for "breach of assumed affirmative duty." *See* R. Doc. 154.

[12] R. Doc. 154.

[13] R. Doc. 154, pp. 25-26.

3

judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id*. at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). "[A] self-serving affidavit, without more evidence, will not defeat summary judgment." *Sanchez v. Dallas/Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346-47 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th

4

Cir. 2005)); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## APPLICATION

It is undisputed that Cox and Jefferson Parish are the only signatories to the Franchise Agreement.[14]   Because Plaintiff is not a party to the Franchise Agreement, Plaintiff may assert a cause of action under the Franchise Agreement only if he is a third party beneficiary under Louisiana Civil Code article 1978.  Article 1978 provides:

---

[14]R. Doc. 172-7; R. Doc. 190-10.

A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement. La. Civ. Code art. 1978.

Louisiana law refers to a stipulation for a third party as a stipulation *pour autrui*. The Civil Code does not provide an "analytic framework for determining whether a third party beneficiary contract exists" in a particular case. *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (2006). The Louisiana Supreme Court, however, has held that there are three criteria for determining whether contracting parties have provided a benefit for a third party: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Joseph*, 939 So.2d at 1212. Courts should analyze whether a third party beneficiary contract exists "on a case by case basis" and "[e]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." *Id*. The party claiming the benefit bears the burden of proof. *Id*. (citing Civil Code article 1831, which provides: "[a] party who demands performance of an obligation must prove the existence of the contract." La. Civ. Code art. 1831). Further, a third party beneficiary is never presumed. *Joseph*, 939 So.2d at 1212.

Plaintiff primarily relies on Section 2.2.03 of the Franchise Agreement between Cox and Jefferson Parish for support that he is a third party beneficiary. Section 2.2.03, in relevant part, provides:

Responsibility for Servitudes. The prior written consent of each property owner, to the extent required by applicable law, shall be required to construct, operate and maintain any part of the system on property owned by such Persons.... [Cox] has the duty and responsibility to obtain or establish the existence of appropriate servitudes or other legal dedications for its use

in construction and installing the system.[15]

Plaintiff argues Section 2.2.03 manifests a clear intent to protect private property owners from trespass by "requiring Cox to obtain prior written consent [from] the landowner prior to installing its' [sic] cable system across private property."[16] Plaintiff contends the benefit to private citizens, including "protection to be free to use and enjoy [] private property without trespass," is sufficiently certain from the language of the Franchise Agreement.[17] Lastly, Plaintiff asserts the benefit to private landowners is not a "mere incident" of the Franchise Agreement because Jefferson Parish "was obliged to protect its citizens by requiring Cox to obtain prior written consent of private landowners before installing its cable lines."[18]

The Court finds the Franchise Agreement did not create a *stipulation pour autrui* in Plaintiff's favor. Even assuming the first two elements under *Joseph* are met,[19] Plaintiff has failed to satisfy the third element. That is, Plaintiff has not demonstrated the benefit he derived from the Franchise Agreement between Cox and Jefferson Parish was anything more than "merely incidental to the contract." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 467 (5th Cir. 1984)("NOPSI")(citations omitted).

In connection with *Joseph*'s third element, the Court must "distinguish a situation

---

[15]R. Doc. 172-3, p. 6.

[16]R. Doc. 190, p. 8.

[17]R. Doc. 190, p. 8.

[18]R. Doc. 190, p. 9.

[19]There is doubt as to whether Plaintiff has satisfied the first criteria in *Joseph* that the stipulation is "manifestly clear." 939 So.2d at 1212. The language of Section 2.2.03 does not explicitly confer a benefit upon Plaintiff, and Cox submitted evidence which it says demonstrates neither Cox nor Jefferson Parish intended the Franchise Agreement to confer a benefit to Plaintiff or other citizens of Jefferson Parish. *See* R. Doc. 172-4, p. 1 (Declaration of Michael Grover); R.Doc. 172-4, p. 5 (Declaration of Deano Bonano). Plaintiff did not introduce any summary judgment evidence to refute Cox's evidence.

where an advantage has actually been stipulated on behalf of a third party from a situation where the advantage relied upon is merely an incident of the contract between the parties." *Albe v. City of New Orleans*, 97 So. 3d 583, 588 (La. App. 4 Cir. 2012)."[N]ot every promise, performance of which may be advantageous to a third person, will create in him an actionable right." *Joseph*, 939 So. 2d at 1212 (citing Smith, *Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui*, 11 Tul. L. Rev. 18 (1936)).

"[T]he third-party benefit must form 'the condition or consideration' of the contract in order for it to be a *stipulation pour autrui*." *NOPSI*, 732 F.2d at 467 (citing *City of Shreveport v. Gulf Oil Corp.*, 431 F. Supp. 1, 4 (W.D. La. 1975), *aff'd*, 551 F.2d 93 (5th Cir. 1977)). In determining whether the benefit was the "condition or consideration" of the contract, courts examine the "relationship between the promisee [Jefferson Parish] and the third person [Plaintiff]" and whether the contract was made to obtain the discharge of any legal obligation owed by the promisee to the third party. *City of Shreveport*, 431 F. Supp. at 4 (citing *Smith*, 11 Tul. L. Rev. at 58).

Based on these criteria, there is no stipulation *pour autrui* in the Franchise Agreement between Jefferson Parish and Cox. Plaintiff has not identified a legal obligation owed by Jefferson Parish to Plaintiff. As a result, the consideration for the contract could not have been the discharge of such an obligation. Moreover, the Louisiana Supreme Court has consistently held that stipulations *pour autrui* are not created in municipal contracts similar to the Franchise Agreement in this case. *See, e.g. Allen Mfg. Co. v. Shreveport Waterworks Co.*, 37 So. 980 (1905)("A municipal corporation is nothing more than a fictitious being created for the purpose of administering the affairs of the public, and necessarily all of its contracts are for 'the public benefit'; but it does not follow that they are

all stipulations *pour autrui* in favor of the inhabitants individually, and that the latter may bring suit thereon"); *see also Able*, 97 So.3d 583 (La. App. 4 Cir. 2012); *Neighborhood Action Committee v. State*, 652 So.2d 693 (La. App. 1 Cir. 1995); *Burdis v. Lafourche Parish Police Jury*, 542 So.2d 117 (La. App. 1 Cir. 1989); *Long v. City of Shreveport* 91 So. 825 (La. 1921).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Cox's Motion for Summary Judgment be and hereby is **GRANTED** and Plaintiff's breach of contract claim is **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 25th day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**